### MAGEE v. NEW YORK TELEPHONE CO. et al.

(Supreme Court, Appellate Division, First Department. February 14, 1913.)

Appeal from Trial Term, New York County.

Action by May Magee, administratrix, against the New York Telephone Company and another. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendants appeal. Affirmed, on condition.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Alexander Cameron, of New York City, for appellant New York Telephone Co.

: William H. Wadhams, of New York City, for appellant Staten Island Midland Ry. Co.

Frederick N. Van Zandt, of New York City, for respondent.

PER CURIAM. Judgment and order appealed from reversed, and a new trial ordered, with costs to appellants to abide the event, unless the plaintiff stipulates to reduce the verdict to the sum of $10,000, in which event the judgment, as so modified, and the order appealed from are affirmed, without costs.

INGRAHAM, P. J. (dissenting). I concur in the affirmance of this judgment as to the New York Telephone Company, but dissent as to the affirmance of the judgment against the Staten Island Midland Railway Company. The railroad company under legal authority strung its feed wire upon its own poles to provide electric current for the operation of its railroad. When that feed wire was placed in position, there were no wires of any kind maintained by the telephone company with which it could interfere, and, but for the subsequent action of the telephone company in placing a guy wire to support its own pole, no accident could have happened. Subsequent to the installation of the feed wire by the railroad company, the telephone company, wishing to place upon its poles a cable containing telephone wires, found it necessary to strengthen its poles, and so placed in position the guy wire for that purpose. It was solely the act of the telephone company in placing this guy wire, and for that the railroad company was not responsible. In placing the guy wire in position the telephone company installed it so that no current from it could affect a person on the ground, but failed to place an insulator above the pole, so that, if the feed wire did come in contact with it, it would be dangerous to a person interfering with it above the point of contact; and it is

the absence of this insulator that caused the injury. I do not see how the railroad company could have ascertained the fact that there was no insulator on the guy wire above the point of contact with its feed wire, or that it was bound to anticipate that the telephone company would fail to properly insulate the guy wire.

The plaintiff's intestate had no relation with the railroad company, and the obligation which an employer of labor assumes towards its employé did not exist. It seems to be conceded that the power of the current upon this feed wire was not sufficient to kill a person coming in contact with it, and the accident happened, not because the plaintiff's intestate was killed by the current, but because the shock was sufficient to cause him to lose his hold upon the pole and thus fall to the ground. There was no evidence that the railroad company knew that the telephone company's employés were in the habit of climbing up this pole, that they knew or had reason to know that the guy wire was not properly insulated, or that from the existing condition any employé of the telephone company would be subject to injury. I cannot see that there was any obligation upon the railroad company to inspect these wires, to anticipate that the plaintiff's intestate or any other employé of the telephone company would place himself in a position of danger that would result in injury, or that the railroad company was in any way responsible for the accident.

I think, therefore, that the judgment against the railroad company should be reversed, and the complaint dismissed.